IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE JAMES MILLEDGE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 5:11-cv-452-HL-CHW |
| | : | |
| BRIAN OWENS, et. al., | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants | : | BEFORE THE U.S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiff **WILLIE JAMES MILLEDGE**, a prisoner at Phillips State Prison in Buford, Georgia, has filed a *pro se* 42 U.S.C. § 1983 civil rights action and will be permitted to proceed *in forma pauperis* without payment of any initial filing fee.[1]  The $350.00 filing fee is not waived, however.  Plaintiff will be required to eventually pay the full filing fee, as is directed later in this Order and Recommendation.  The Clerk of Court is accordingly **DIRECTED** to send a copy of this Order and Recommendation to the business manager of Phillips State Prison.

The Court has also conducted a review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a). Initially, Plaintiff's Complaint failed to provide enough detail for the Court to determine whether he can state a plausible claim against any defendant.  Plaintiff has since filed a Supplement [Doc. 8] to his Complaint as well as a "Petition for Writ of Mandamus" [Doc. 8-1], which the Court has construed to be newly added claim for injunctive relief.

---

1 This Court previously required Plaintiff to submit an initial partial filing fee of $ 3.28. Plaintiff has since responded [Doc. 11 & 12] to explain why he has not paid the required fee.  Plaintiff claims that he placed a timely request for an inmate withdrawal to pay the fee, but it has not yet been processed by the prison. In light of Plaintiff's apparent administrative difficulties and the relatively small fee imposed, the Court will allow Plaintiff to proceed without payment of any initial filing fee.

1

Having now considered all of Plaintiff's allegations, the Court finds that Plaintiff's Complaint and Supplements fail to state a § 1983 claim against Defendants **Fry**, **Barnes**, **Lewis**, **McLaughlin**, **Moody**, and **Hill** or any claim for damages against Defendants **Warder** or **Samford**. Plaintiff has also failed to state a claim against the individual defendants under Title II of the Americans with Disabilities Act, 42 U.S.C.A. § 12131, or for unlawful retaliation in violation his First Amendment rights. It is, therefore, **RECOMMENDED** that these claims be **DISMISSED** under 28 U.S.C. § 1915A(b)(1). Service will still be **ORDERED**, however, as to Defendants **Brian Owens**, Warden **Gregory McLaughlin**, **Dr. Keen Samford**, **P.A. Ramsay Warder**, Food Manager **Tony Howerton**, and **Deputy Warden Crickmar**.

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A district court must, nonetheless, dismiss a prisoner complaint after the initial review if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under §1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

## PLAINTIFF'S ALLEGATIONS

In his complaint and its supplements, Plaintiff Willie Milledge alleges that prison officials are denying him a nutritionally adequate and medically required diet. According to the Complaint, Plaintiff suffered a childhood accident at the age of two, which has caused him to incur severe digestive problems. Plaintiff alleges that he has been in and out of the hospital all of his life and has undergone as many as nine surgeries, resulting in the "removal of all his stomach organs" and a "re-routing of [his] throat." As a consequence, Plaintiff is unable to digest certain types of foods and beverages – such as processed meats, cheese, milk, nuts, corn, beans, or any spicy food – without suffering throat pain, nausea, cramping, and "explosive bowel movements." Plaintiff claims that he needs to eat soft foods, like tuna, chicken, peanut butter, turkey, and fruits, and that his meals must be supplemented with snacks to ensure he consumes sufficient calories each day.

The food services departments at Macon and Phillips State Prisons have apparently failed to provide Plaintiff with a sufficient diet of the foods he can comfortably digest. Plaintiff alleges that he is currently sustained by a diet consisting entirely of bread and peanut butter and that he is denied needed mid-day snacks. According to Plaintiff, the facilities have not attempted to provide him with any of the other foods that he can digest comfortably and in fact may not have the means to comply with Plaintiff's dietary needs. Plaintiff thus claims that his current diet is nutritionally and calorically deficient and that it has caused him to lose weight and suffer from diabetic hypoglycemia (low blood sugar) and minor vision loss.

In his Complaint, Plaintiff describes the issue as a system-wide problem and specifically alleges that Commissioner **Brian Owens** "has failed to establish or promulgate a polic[y]" within the prison food and health service departments to ensure that inmates are provided with medically

ordered diets. Plaintiff alleges that the Commissioner "knew or should have known" that the prisons do "not offer the food service medically required for Plaintiff." Plaintiff even suspects that he may have been transferred to these prisons *because of* their inability to comply with his dietary needs in retaliation for other lawsuits he has filed.

He further contends that Commissioner Owens and prison officials have been "deliberately indifferent" to his special dietary requirements. Plaintiff submitted multiple grievances requesting that the prisons provide him with a nutritionally adequate diet; however, the Chief Counselor at Macon State Prison, Defendant **James Hall**, denied those grievances and "turned a blind eye" to the problem. Plaintiff alleges that the Warden of Care and Treatment at Macon State Prison, Defendant **Shirley Moody**, likewise failed to ensure that Plaintiff received appropriate medical treatment, though she has the "responsibility to oversee inmate living conditions." At some point, Plaintiff also mailed letters to "the state-wide medical director for the Department of Corrections," Defendant **Sharon Lewis**, to inform her about the problem. She failed to respond to his letters.

Plaintiff was eventually transferred from Macon State Prison to Phillips State Prison, where the dietary problems have continued. Staff members at Phillips, "**P.A. Ramsay Warder**" and **Dr. Keen Sanford**,[2] have apparently refused to reinstate Plaintiff's diet orders, and Plaintiff is no longer receiving snacks between meals. Plaintiff requests that the staff at Phillips State Prison be required to comply with his medically prescribed diet and to provide him with snacks, at least one hot meal, and foods such as tuna, chicken, white turkey, and fruit in addition to peanut butter.

---

2  In his Supplement, Plaintiff merely identifies the party as "PA" and "Dr. Samford," but they are later identified as "PA Ramsay Warder" and "Dr. Keen Samford" in Plaintiff's "Petition for Writ of Mandamus."

**STATEMENT AND ANALYSIS OF CLAIMS**

Plaintiff's Complaint names Commissioner **Brian Owens**, Medical Director **Sharon Lewis**, and the staff at Macon State Prison – Warden **Gregory McLaughlin**, the Director of Food Services **Mr. Barnes**, Deputy Warden of Care and Treatment **Shirley Moody,** Counselor **James Hill**, and "**Dr. Fry**" – as Defendants.   In a "Petition for Writ of Mandamus" filed with Plaintiff's Supplement [Doc 8], Plaintiff adds some of the staff at Phillips State Prison as parties: "**Dr. Keen Samford**," "**P.A. Ramsay Warder**," Food Manager **Tony Howerton**, and Warden of Care and Treatment **Crickmar**.  Therein, Plaintiff seeks a court order requiring these parties to begin providing him with his prescribed diet.  The Court thus construes this "Petition" to be a newly added claim against the "Staff at Phillips" for injunctive relief.[3]

On the face of his Complaint and Supplement, Plaintiff asserts that Defendants' failure to provide him with the needed diet violates his rights guaranteed by both the Eighth Amendment of the United States Constitution and the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12131.  Plaintiff also briefly alleges that Commissioner Owens and Warden McLaughlin unlawfully transferred him to Phillips State Prison, which is unable to provide his medically required diet, in retaliation for prior lawsuits he has filed.   Each of these claims will be addressed briefly below.

   A.   Eighth Amendment Claims

The cruel and unusual punishments standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennan, 511 U.S. 825, 832 (1994). In this case,

---

[3] The Clerk is accordingly **DIRECTED** to add these parties as named defendants in the caption of the Complaint.

Plaintiff appears to have attempted to state claims based both on a deliberate indifference to his medical needs and an inadequate provision food.

To state claim for deliberate indifference to a serious medical need, Plaintiff's allegations must satisfy both an objective and subjective component. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994), overruled in part on other grounds by Hope v. Peltzer, 536 U.S. 730, 739 (2002).  A plaintiff must allege facts demonstrating (1) that he has an objectively serious medical need which poses a substantial risk of serious harm if left unattended, and (2) that the defendant had subjective knowledge of a risk of serious harm to the plaintiff but disregarded that risk. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005).

To prevail on claim alleging inadequate provision of food, a plaintiff must similarly demonstrate that (1) the conditions of which he complains are, from an objective standpoint, "sufficiently serious"; and (2) prison officials "acted with a sufficiently culpable state of mind . . . ." when denying him food. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted).  Under the first prong, the Court must assess whether the alleged condition is "extreme," posing "an unreasonable risk of serious damage to [the prisoner's] future health or safety." Id.

In this case, a preliminary review of the Complaint reveals that Plaintiff has not stated any claim against "**Dr. Fry**" or the Macon State Prison food services director, "**Mr. Barnes**." Though Plaintiff names these individuals as Defendants, he fails to make any specific allegations of wrongdoing against them in the body of his Complaint.  It is accordingly **RECOMMENDED** that Dr. Fry and Mr. Barnes be **DISMISSED** from this action. See  Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any

allegations that connect the defendants with the alleged constitutional violation) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Plaintiff has likewise failed to state any viable claim against Medical Director **Sharon Lewis**, Warden **Gregory McLaughlin**, Deputy Warden **Shirley Moody,** or Counselor **James Hill**. Plaintiff's Complaint and Supplements do not allege any facts suggesting that these individuals were personally involved in the failure to provide him with a proper diet. It thus appears that they were named in the suit simply because of their supervisory responsibilities. It is well-settled, however, that wardens and other supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

To state a viable claim against a supervisory official, a prisoner must allege that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. See id. Plaintiff has not made such allegations here. A blanket conclusory allegation that these officials were aware and failed to remedy Plaintiff's problem is insufficient to state a claim upon which relief may be granted. See Thompson v. Carani, 2007 WL 2317290 at * 2 (S.D. Ga. Aug. 10, 2007); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability on supervisory official who merely failed to act based on information contained in the grievance); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that commissioner could be held liable for damages based on receipt of a letter describing allegedly improper prison conditions). The same is true for Plaintiff's conclusory allegations that

Defendants failed to fulfill their duty of ensuring Plaintiff's general well-being. See Simpson v. Stewart, 386 Fed. Appx. 859, 861 (11th Cir. 2010) (allegations that sheriff was "responsible for the well-being of all the inmates in the jail" were insufficient to state a claim under § 1983). The fact that the prison officials may have denied Plaintiff's grievances is also of little consequence; the denial of a grievance is an insufficient basis for imposing liability under § 1983. See Larson v. Meek, 240 Fed. Appx. 777, 780 (10th Cir. 2007) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations"); Baker v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir. 2005); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

It is therefore **RECOMMENDED** that Medical Director **Sharon Lewis**, Deputy Warden **Shirley Moody**, Counselor **James Hill** and any § 1983 claims against Warden **Gregory McLaughlin** be **DISMISSED** from this action.

Plaintiff's claims against **Commissioner Owens** also arise out of his supervisory responsibilities. Though it remains to be seen whether Plaintiff can establish the existence of a systemic "policy or practice" for which the Commissioner may be held responsible, the Court will, based upon a liberal construction of the *pro se* allegations in the Complaint, allow Plaintiff's Eighth Amendment against Commissioner Owens to go forward. Plaintiff does allege that there is a systemic failure to provide inmates with medically prescribed diets, that not all prisons have the ability to comply with specialized diets, and that Commissioner Owens either condones this failure or has otherwise knowingly failed to promulgate or enforce a solution to the problem. The Court finds these allegations sufficient to survive dismissal at the frivolity review stage.

The Court will also allow Plaintiff to go forward with his claims for injunctive relief against Commissioner Owens and the staff at Phillips State Prison: "**Dr. Keen Samford**," "**P.A. Ramsay Warder**," Food Manager **Tony Howerton**, and Warden of Care and Treatment

**Crickmar**.  Through his explanation of his health issues and allegations of insufficient nutrition, Plaintiff has alleged a "serious medical need" and a "sufficiently serious" condition posing a risk to his health at Phillips State Prison.  He has also alleged that the condition is ongoing, and the named Defendants appear to in a position to remedy the problem.  However, any claims for injunctive relief against Medical Director **Sharon Lewis**, Warden **Gregory McLaughlin**, Deputy Warden **Shirley Moody**, and Counselor **James Hill** are **MOOT**, as Plaintiff has since been transferred from their facility. See Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).   It is accordingly **RECOMMENDED** that any claims for injunctive relief against staff members at Macon State Prison be **DISMISSED**.

   In the event that Plaintiff has attempted to also state an Eighth Amendment claim for damages against **P.A. Warder** and **Dr. Samford**, the Court finds that his allegations are insufficient to do so.  Though Plaintiff alleges that these Defendants refused to reinstate Plaintiff's diet orders and that he is now no longer receiving snacks between meals, Plaintiff does not allege any facts suggesting that these Defendants acted with deliberate indifference to his medical needs.   Their conduct may have simply been negligent.   Inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).   A lack of "medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Plaintiff did not allege conduct of this magnitude.   It is thus **RECOMMENDED** that any § 1983 claims for damages against Defendants **Warder** and **Samford** also be **DISMISSED**.

B.  ADA Claims

The Supplement to Plaintiff's Complaint also alleges that **Commissioner Owens** and **Warden McLaughlin** are "guilty" of violating Plaintiff's rights under Title II of the ADA. Title II of the ADA prohibits discrimination in services, programs, or activities of a "public entity" or "discrimination by any such entity." See 42 U.S.C. § 12132; Edison v. Douberly, 604 F.3d 1307, 1308 (11th Cir. 2010); 42 U.S.C. § 12131. State agencies and prisons are considered to be "public entities" which may be sued under the ADA. United States v. Georgia, 546 U.S. 151, 154, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006); § 12131(1); see e.g., Davis v. Georgia Dept. of Corrections, 2011 WL 1882441 at *5 (S.D. Ga. April 11, 2011). Individuals employed by a correctional facility are not. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1172 (11th Cir. 2003). Thus, Plaintiff cannot a state an ADA claim against either Commissioner Owens or Warden McLaughlin in their "individual capacities." It is thus **RECOMMENDED** that any ADA claims against these individuals be **DISMISSED**.

However, when liberally construing Plaintiff's allegations and granting him the benefit of all reasonable inferences, his Complaint may still state a viable ADA claim. See United States v. Georgia, 546 U.S. at 159 (holding that a disabled inmate may sue the state of Georgia for money damages under Title II of the A.D.A.). Indeed, if the Complaint is read to name Commissioner Owens and Warden McLaughlin as defendants in their "official capacities," his claims are, in essence, against a "public entity," the Georgia Department of Corrections. See Edison, 604 F.3d at 1308 n. 1; Outlaw v. Jordon, 2011 WL 5419461 at 3 (M.D. Ga. Sept. 28, 2011).

To state an ADA claim, a plaintiff must allege facts sufficient to show (1) that he is "a qualified individual with a disability;" (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) that such

11

exclusion, denial of benefits, or discrimination was by reason of his disability. See Shotz, 256 F.3d at 1079. In this case, Plaintiff has alleged that he suffers from a condition that severely limits the types of foods that he may comfortably consume. He further alleges that prison officials have failed to adequately accommodate his specialized dietary requirements, thereby denying him the benefit of a nutritionally sufficient diet while in prison. The Court finds that, when reading Plaintiff's Complaint in the most generous light possible, these allegations are sufficient to state a claim under Title II of the ADA, at least for the purpose of the frivolity review. Any claim against Defendants **Owens** and **McLaughlin** in their "official capacity" will be allowed to go forward.

    C. Retaliation Claims

Plaintiff finally alleges that **Commissioner Owens** and **Warden McLaughlin** retaliated against him for filing prior lawsuits. "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). Thus, even though a prisoner does not have a liberty interest in not being transferred to another prison, "he may state a retaliation claim under the First Amendment by alleging that he was transferred due to his filing of a grievance or lawsuit concerning his conditions of his confinement." Jemison v. Wise, 386 Fed. Appx. 961, 965 (11th Cir. 2010) (citing Bridges v. Russell, 757 F.2d 1155, 1156–57 (11th Cir. 1985)). To state this claim, "the inmate must show, *inter alia*, a causal connection between his protected conduct and the prison official's action. In other words, the prisoner must show that, as a subjective matter, a motivation for the defendant's adverse action was the prisoner's grievance or lawsuit." Id. (citing Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008)).

In his Supplement, Plaintiff alleges that Commissioner Owens "authorized or approved" his transfer to Phillips State Prison in retaliation for lawsuits Plaintiff has filed and that Warden

12

McLaughlin is "guilty" of "the same conduct."  Plaintiff, however, makes no allegations demonstrating a causal connection between the protected conduct and Plaintiff's transfer. Indeed, there is not even any allegation suggesting that Commissioner Owens was personally involved in the decision to transfer Plaintiff.  It cannot be assumed that the Commissioner personally knew of, ordered, or approved, Plaintiff's transfer simply because of his position with the Department of Corrections. See  Cottone, 326 F.3d at 1360.   The Complaint likewise fails to allege how Warden McLaughlin was involved with the decision to transfer Plaintiff or to otherwise link that decision to Plaintiff's lawsuits.   Plaintiff has thus failed to state a claim against either Defendant for a First Amendment violation. See Jemison, 386 Fed. at 965 (requiring prisoner to plead a causal connection); Brazill v. Cowart, 2011 WL 900721 at *3 (M.D. Fla. March 14, 2011) (dismissing retaliation claim where prisoner failed to allege facts suggesting a causal connection between the transfer and protected conduct).

It is therefore **RECOMMENDED** that any claims for retaliation also be **DISMISSED**.

## CONCLUSION

Accordingly, having now conducted a preliminary review of Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), the Court finds that the Complaint fails to state any § 1983 claim against Defendants **Fry**, **Barnes**, **Lewis**, **McLaughlin**, **Moody**, or **Hill** or any claim for damages against Defendants **Warder** or **Samford**.  Plaintiff has also failed to state any claim against the individual defendants under Title II of the ADA or for unlawful retaliation in violation his First Amendment rights.

It is, therefore, **RECOMMENDED** that these claims and Defendants **Fry**, **Barnes**, **Lewis**, **Moody**, and **Hill** be **DISMISSED** under 28 U.S.C. §1915A(b)(1).  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district

judge to whom this case is assigned within **FOURTEEN (14) days** after being served a copy of this Order.

Plaintiff, however, has sufficiently stated other claims against Commissioner **Brian Owens**, Warden **Gregory McLaughlin**, Dr. **Keen Samford**, **P.A. Ramsay Warder**, Food Manager **Tony Howerton**, and **Deputy Warden Crickmar**.  Therefore, it is **HEREBY ORDERED** that service be made against these Defendants and that Defendants file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are also reminded of their duty to avoid unnecessary expenses and of the possible imposition of expenses for failure to waive service under Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

All parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a

15

showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to requests exceeding these limitations.

## **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed.

## **DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of

any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 13th day of February, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge