IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE JAMES MILLEDGE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 5:11-cv-452 (HL) |
| | : | |
| BRIAN OWENS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### RECOMMENDATION TO DENY
### MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Willie James Milledge has moved the Court to issue a temporary restraining order directing the medical department of Philips State Prison to comply with Plaintiff's medical treatment plan or to refer Plaintiff to an outside physician for treatment. Doc. 24. Because the adverse party had notice of Plaintiff's motion for temporary restraining order, the motion was construed as a motion for preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure. The parties appeared for an evidentiary hearing on Plaintiff's motion on April 17, 2012. The evidence presented at that hearing and in the record of the case fails to demonstrate a substantial likelihood of success on the merits or a real and immediate threat of irreparable injury. Accordingly, it is hereby **RECOMMENDED** that Plaintiff's motion be **DENIED**.

**1.     Factual Background**

In this case, Plaintiff alleges that the Defendants are failing to provide him appropriate medical treatment and a suitable diet. Plaintiff suffers from digestive difficulties as a result of a childhood injury that required a series of surgeries, including the partial removal of his stomach and the reconstruction of his abdomen. According to Plaintiff, these conditions limit Plaintiff's ability

1

to digest certain foods, such as "processed meats," cheese, milk, nuts, corn, beans, or spicy food. Plaintiff contends that Defendants have failed to provide him with a diet he can digest, and that he has been unable to eat much of the food he has been provided. The lack of appropriate food has allegedly caused Plaintiff pain, weight loss, and hypoglycemic episodes. In his motion for temporary restraining order, Plaintiff suggests that he has recently suffered a head injury due to low blood sugar. Plaintiff also indicates that on two or three occasions, nurses have refused to provide him with emergency treatment for complaints of low blood sugar.

At the hearing on April 17, Plaintiff provided additional detail about his allegations. He stated that Defendants Dr. Sanford and Nurse Ramsay were depriving him of adequate foods, including snacks between meals. Because he could not eat the food provided, Plaintiff alleges, he often went without food, and on occasion suffered from low blood sugar. On one such occasion, on February 17, 2012, Plaintiff "bottomed out" and collapsed, resulting in a head injury.

In opposition to Plaintiff's motion, Defendants submitted the affidavit of Dr. Kenneth Sanford. Dr. Sanford also appeared and testified at the hearing on April 17. Dr. Sanford, the medical director at Phillips State Prison, described the treatment that Plaintiff has received since he was transferred to Phillips in December 2011. Dr. Sanford noted that Plaintiff's medical history is extensive, filling fourteen volumes. The records show that Plaintiff has a history of reconstructive surgeries involving his esophagus and stomach, made necessary after Plaintiff ingested lye as a child. As a consequence of the childhood injury and surgeries, Plaintiff suffers from "esophageal stenosis (a narrowing of the esophagus), dysphagia (difficulty swallowing), partial gastrectomy (removal of a portion of the stomach), and colonic interposition (a form of esophageal replacement surgery)." Sanford Aff. ¶ 7 (Doc. 31-3).

2

Plaintiff's medical records and the testimony of Dr. Sanford indicate that Plaintiff has been provided with special diets to accommodate his digestive difficulties. Dr. Sanford testified that Plaintiff has alternated between a "soft diet" and a "2800 calorie ADA" (American Diabetes Association) diet. It appears that Plaintiff was on the 2800 calorie ADA diet at the time he came to Phillips State Prison, but Dr. Sanford changed Plaintiff's diet profile to the soft diet on March 21, 2012, at Plaintiff's request. On March 27, 2012, Plaintiff's diet profile was returned to the 2800 calorie ADA diet after Plaintiff expressed concerns about the soft diet to a nurse practitioner.

Dr. Sanford acknowledged that Plaintiff has experienced episodes of low blood sugar as a result of failing to eat food provided to him. Plaintiff does not suffer from diabetes, however. The medical records indicate that Plaintiff was treated for low blood sugar on December 11, 2011, January 5, 2012, and February 17, 2012. On each of these occasions, the medical staff tested Plaintiff's blood sugar level and administered glucose gel until Plaintiff's blood sugar level rose and remained stable. On February 17, 2012, the medical records indicate the Plaintiff appeared with an abrasion on his forehead. There are no records to show that Plaintiff sought treatment on February 27, 2012, March 5, 2012, or March 7, 2012, all dates mentioned in Plaintiff's motion for temporary restraining order. Plaintiff's motion also suggests that treatment was refused on March 17 and March 21, 2012, dates on which Plaintiff was at Augusta State Medical Prison for consultation with a specialist.

In his affidavit, Dr. Sanford testified that Plaintiff has received attention from medical specialists during his confinement at Phillips State Prison. On February 5, 2012, Plaintiff was referred to a radiologist for a CT scan of his neck. On March 15, 2012, Plaintiff was transported to Augusta State Medical Prison for consultation with a thoracic surgeon, to determine whether Plaintiff could benefit from further surgery on his esophagus. On April 4, 2012, Plaintiff returned

3

to ASMP for a barium swallow test ordered by the thoracic surgeon. There is nothing in the record to indicate that the results of this test were obtained prior to the April 17 hearing.

**2.     Requirements for preliminary injunction**

To obtain preliminary injunctive relief, a plaintiff has the burden of demonstrating that:

(a) there is a substantial likelihood of success on the merits;

(b) the TRO or preliminary injunction is necessary to prevent irreparable injury;

(c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and

(d) the TRO or preliminary injunction would not be averse to the public interest.

Parker v. State Board of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001). Preliminary injunctive relief is not warranted in this case because the evidence fails to demonstrate a substantial likelihood of success on the merits or show that there is a serious risk of irreparable injury in the absence of injunctive relief.

**a.     Likelihood of success on the merits**

Plaintiff has failed to demonstrate a substantial likelihood of success on the merits because the evidence presented at the hearing does not indicate that the Defendants acted with deliberate indifference in attempting to address Plaintiff's dietary and medical needs. To show deliberate indifference, a prisoner must show that he had an objectively serious medical need that, if left unattended, posed a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). The prisoner must also show that the defendant (1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that was more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.

1999).  It is not enough to show merely that the care provided was less than optimal, or that a different course of treatment might have been preferable. The elements required to prove the subjective component of a deliberate indifference claim establish that "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable under 42 U.S.C. § 1983. Taylor, 221 F.3d at 1258.

      The record of treatment set out at the hearing on Plaintiff's motion shows that the Defendants provided reasonable treatment for Plaintiff's medical condition.  This record shows that Defendants provided Plaintiff with a special diet to address his digestive difficulties.  Defendants made at least two attempts to adjust Plaintiff's diet when Plaintiff complained about the food he was receiving. On the occasions when Plaintiff experienced low blood sugar as a result of being unable to eat, Defendants provided treatment to stabilize his blood sugar levels.  During the five months that Plaintiff has been confined at Phillips State Prison, Plaintiff has been referred three times to specialists for diagnostic procedures and consultation related to possible surgery.  This record shows that Plaintiff has received substantial attention for his medical concerns and is not indicative of deliberate indifference.  In the absence of evidence of deliberate indifference, Plaintiff has failed to show a substantial likelihood of success on the merits.

      **b.**      **Irreparable injury**

      Plaintiff has also failed to show that there is a substantial risk that he will suffer irreparable injury if an injunction is not granted.  The evidence presented indicates that Plaintiff is receiving an adequate diet and is receiving appropriate medical attention for his conditions.  The medical records show that Plaintiff lost six pounds between October 2011 and April 2012, a weight loss that Dr. Sanford characterized as medically insignificant. Dr. Sanford noted that Plaintiff had previously gained 13 pounds over a twelve month period on the 2800 calorie ADA diet.  Although Plaintiff has

5

suffered episodes of low blood sugar, he has received treatment for those episodes and has not suffered any serious injury as a result. Plaintiff testified that he received a head injury when he "bottomed out" on February 17, 2012, but the medical records show that this injury was merely an abrasion. At the hearing, Plaintiff was alert and articulate, had no visible scars on his head, and appeared to have a normal body weight. The records show that Plaintiff continues to receive extensive medical attention for his conditions, and there is nothing to suggest that he is at risk of irreparable harm in the absence of some court order directing Defendants to provide additional care.

**3.    Conclusion**

In the absence of evidence to demonstrate a substantial likelihood of success on the merits or a substantial risk of irreparable injury, Plaintiff has failed to establish that he is entitled to injunctive relief in this case. Accordingly, it is hereby **RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order, construed as a motion for preliminary injunction, be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The Clerk is directed to serve Petitioner at the last address provided by him.

**SO RECOMMENDED**, this 10th day of May, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
