IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE JAMES MILLEDGE, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:11-CV-452–HL-CHW |
| BRIAN OWENS, *et al.*, | : | |
| Defendants. | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Brian Owens, Gregory McLaughlin, Kenneth Sanford, Edwina Ramsay, Tony Howerton, and Scott Crickmar. Doc. 30. Also before the Court is a Motion to Dismiss Plaintiff's Supplemental Complaint filed by Defendants Kenneth Sanford and Edwina Ramsay. Doc. 49. Because Plaintiff Willie James Milledge failed to exhaust his administrative remedies before filing his complaint, and because Plaintiff also failed to state a claim upon which relief may be granted, it is hereby **RECOMMENDED** that both Motions to Dismiss (Docs. 30, 49) be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Willie James Milledge, who is proceeding *in forma pauperis* in the above-styled case, is currently an inmate at Phillips State Prison in Buford, Georgia. Doc. 69. On October 26, 2011, Plaintiff filed his original complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants failed to provide Plaintiff with an adequate diet in light of Plaintiff's medical condition during his incarceration at Macon State Prison in Oglethorpe, Georgia. Doc. 1.[1] The Court ordered

---

[1] Although the Court received Plaintiff's complaint on November 14, 2011, Plaintiff executed his complaint on October 26, 2011, which is construed as the date of filing where, as here, a *pro se* inmate files his civil rights

1

Plaintiff to file a supplement to his original complaint because his original complaint failed to identify either his medical condition or how Defendants failed to provide him with an adequate diet in light of his medical condition. Doc. 5.

According to the original complaint and the subsequent supplement filed by Plaintiff, various prison officials associated with Macon State Prison or Phillips State Prison failed to provide Plaintiff with a nutritionally adequate and medically required diet, in violation of the Eighth Amendment and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131. Docs. 1, 8. Plaintiff alleges that he ingested lye at the age of two, which caused him to experience severe digestive problems and required him to undergo as many as nine surgeries. Id. Because of his medical condition, Plaintiff is unable to digest certain foods, including processed meats, cheese, milk, nuts, corn, beans, and any acidic or spicy foods, without experiencing throat pain, chest pain, nausea, cramping, and "explosive bowel movements." Id. Plaintiff claims that he needs to eat soft foods, such as, tuna, chicken, thinly sliced turkey, fruits, and plain peanut butter and that his diet must include at least two hot meals supplemented with snacks to ensure that Plaintiff consumes sufficient calories each day. Id. Plaintiff further alleges that his current diet is nutritionally and calorically deficient and that this inadequate diet caused Plaintiff to lose weight and suffer from low blood sugar and minor vision loss. Id.

Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court concluded that Plaintiff stated the following cognizable claims: (1) an Eighth Amendment claim seeking damages for deliberate indifference to his medical needs and for inadequate provision of food against Defendant Brian Owens, the Commissioner of the Georgia Department of Corrections; (2) an Eighth Amendment claim seeking injunctive relief for deliberate indifference

---

complaint under 42 U.S.C. § 1983. See generally Lewis v. Barnick, 385 Fed. Appx. 930, 931 (11th Cir. 2010), quoting Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993).

to his medical needs and for inadequate provision of food against Defendant Brian Owens as well as four staff members at Phillips State Prison, namely—Defendants Kenneth Sanford, Edwina Ramsay, Tony Howerton, and Scott Crickmar; and (3) an ADA claim against Defendant Brian Owens and Defendant Gregory McLaughlin, the Warden of Macon State Prison, in their official capacities only. Doc. 14. After no timely objections were received, the Court adopted the recommendation. Doc. 22.

Plaintiff subsequently filed both a motion to amend his complaint (Doc. 23) and an untimely objection to the recommendation (Doc. 25). After reviewing both pleadings, the Court overruled Plaintiff's objections to the recommendation, concluding that the objections were devoid of merit. Doc. 32. However, the Court also concluded that in light of Plaintiff's newly added allegations, Plaintiff successfully stated an Eighth Amendment claim seeking damages for deliberate indifference to his medical needs and for inadequate provision of food against Defendant Kenneth Sanford and Defendant Edwina Ramsay in addition to his other previously identified cognizable claims. Id.

Defendants subsequently filed two Motions to Dismiss (Docs. 30, 49), the first of which was filed by Defendants Brian Owens, Gregory McLaughlin, Kenneth Sanford, Edwina Ramsay, Tony Howerton, and Scott Crickmar and the second of which was filed by Defendants Kenneth Sanford and Edwina Ramsay only. Plaintiff responded to both Motions to Dismiss (Docs. 38, 55), and Defendants replied to Plaintiff's response briefs (Docs. 41, 57).

## DISCUSSION

Both Motions to Dismiss (Docs. 30, 49) argue, *inter alia*, that Plaintiff failed to exhaust his administrative remedies and that Plaintiff failed to state a claim upon which relief may be granted. Because Plaintiff did not file any grievances at Phillips State Prison until 36 days after

he filed his original complaint, and because Plaintiff failed to exhaust his administrative remedies with regard to any of the seven grievances he subsequently filed at Phillips State Prison, Plaintiff's claims against the four staff members at Phillips State Prison must be dismissed for failure to exhaust administrative remedies. Additionally, because Plaintiff failed to state a claim upon which relief may be granted with regard to his Eighth Amendment claims against Commissioner Brian Owens or with regard to his ADA claims against Commissioner Owens and Warden Gregory McLaughlin, each of these claims must be dismissed as well.

    A.  Exhaustion of Administrative Remedies

Pursuant to Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] [...], or any other federal law, by a prisoner confined in any [...] prison [...] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory precondition to filing suit, and federal courts cannot waive the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 734 (2001); Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). The exhaustion requirement requires proper exhaustion in compliance with the administrative process, and claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999).

It is well-established in the Eleventh Circuit that the exhaustion of available administrative remedies is mandatory, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander, 159 F.3d at 1326. That is, to satisfy the exhaustion requirement, the plaintiff must pursue all available administrative remedies fully. Harper, 179 F.3d at 1312. Because the plaintiff must exhaust his administrative remedies fully before commencing his lawsuit in federal court, any claims that were not exhausted before the plaintiff

filed his original complaint must be dismissed even if the plaintiff exhausts his administrative remedies at some future date. Smith v. Terry, 2012 WL 4465609 (11th Cir. 2012) (slip copy).

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, review of the motion involves a two-step process. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. Id. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

Although Plaintiff makes numerous unsubstantiated allegations about the inadequacy of the grievance procedure at Phillips State Prison, Defendants have provided the Court with undisputed evidence that Plaintiff failed to exhaust his available administrative remedies regarding each of his remaining claims before Plaintiff filed his original complaint. More specifically, Defendants have attached the affidavit of Lisa Williams, the Grievance Coordinator at Phillips State Prison, which is labeled as Exhibit 1. Docs. 30-2, 49-2. Defendants also have attached the Georgia Department of Corrections Standard Operating Procedure (SOP), which is labeled as Attachment A. Id. The SOP sets forth the statewide grievance procedure, under which inmates must attempt to resolve their grievances internally by following three steps: (1) file an informal grievance to which the prisoner's counselor must respond within 10 days; (2) file a

formal grievance to which the warden must respond within 30 days; and (3) file an appeal with the Central Office in Atlanta, to which the Commissioner must respond within 90 days. Id.

Additionally, Defendants have provided Plaintiff's grievance history, which is labeled as Attachment C. Docs. 30-3, 49-3. According to Plaintiff's grievance history, Plaintiff filed his first grievance at Phillips State Prison on December 1, 2011, which is 36 days after he filed his original complaint on October 26, 2011. Id. Although Plaintiff filed seven grievances at Phillips State Prison between December 1, 2011 and March 8, 2012, Plaintiff only pursued one of his seven grievances, grievance number 111615, through the second step in the three-step statewide grievance procedure. Docs. 49-2, 49-3. Critically, however, Plaintiff did not file an appeal with the Central Office in Atlanta at the end of the second step for his only formal grievance. Id. As such, Plaintiff undisputedly did not complete the three-step statewide grievance procedure set forth in the SOP with regard to any of the grievances he filed at Phillips State Prison before he filed this lawsuit. Because Plaintiff failed to exhaust his available administrative remedies before he filed his original complaint in this case, it is appropriate to dismiss all remaining claims against the four staff members at Phillips State Prison, namely—Defendants Kenneth Sanford, Edwina Ramsay, Tony Howerton, and Scott Crickmar. See Smith, 2012 WL 4465609 at *2 (finding that because the plaintiff failed to exhaust his administrative remedies before he filed his original complaint, dismissal for failure to exhaust was proper).

B. Failure to State a Claim

Plaintiff's remaining claims against Defendant Brian Owens, the Commissioner of the Georgia Department of Corrections, and Defendant Gregory McLaughlin, the Warden at Macon State Prison, fail to state a claim upon which relief may be granted. Although the evidence submitted by Defendants shows that Plaintiff failed to pursue the grievance procedure

concerning his claims at Phillips State Prison, it appears that Plaintiff did exhaust his administrative remedies concerning at least two grievances filed at Macon State Prison before filing this lawsuit. Docs. 30-3, 49-3. Insofar as Plaintiff fully exhausted his administrative remedies concerning these grievances, there is no basis to dismiss Plaintiff's remaining claims against Defendants Owens and McLaughlin. Nevertheless, because the complaint fails to set forth a plausible claim for relief against either Owens or McLaughlin, those claims must also be dismissed.

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff. Lopez v. Target Corp., 676 F.3d 1230, 1232 (11th Cir. 2012). The Court, however, is not bound to accept as true "'a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555. It is well-established that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679, citing Twombly, 550 U.S. at 556. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

### 1. Plaintiff's Eighth Amendment Claims

Because Plaintiff's claims against Defendant Owens are based on Defendant Owens' supervisory position as the Commissioner of the Georgia Department of Corrections, and because Plaintiff does not establish a sufficient causal connection between Defendant Owens' actions and the alleged constitutional deprivation suffered by Plaintiff, Plaintiff fails to state an Eighth Amendment claim upon which relief may be granted against Defendant Owens.

Supervisory officials cannot be held liable under 42 U.S.C. § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007); Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). A supervisory official is liable only "'when the supervisor personally participates in the alleged constitutional violation or when there is causal connection between the actions of the supervising official and the alleged constitutional deprivation.'" Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007), quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Simply put, "[t]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360 (internal quotation marks and citation omitted).

To establish a causal connection, the plaintiff must show that the supervisor instituted a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights or that the facts support an inference that the supervisor directed his subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them. West v. Tillman, 496 F.3d 1321, 1328 (11th Cir. 2007). Alternatively, to establish a causal connection, the plaintiff must show that a history of widespread abuse put the supervisor on notice of the need to correct the alleged constitutional deprivation, and the supervisor fails to do so. West, 496 F.3d at 1328-

1329. When considering whether a causal connection exists between the supervisor's action and the alleged constitutional deprivation, mere knowledge of a potential constitutional deprivation is not sufficient to impose liability. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Instead, the plaintiff must allege some purposeful action by the supervisor to deprive the plaintiff of a constitutional right in order to state a claim against the supervisor. Id.

Because Plaintiff does not suggest that Defendant Owens personally participated in any decisions about Plaintiff's diet or his medical needs, the relevant inquiry is whether Plaintiff alleges a sufficient causal connection between Defendant Owens' actions and the alleged constitutional deprivation suffered by Plaintiff. Even after liberally construing the allegations set forth in the original complaint and the supplement filed by Plaintiff, Plaintiff fails to allege a sufficient causal connection between Defendant Owens' actions and the alleged constitutional deprivation based on Defendant Owens either instituting a custom or policy of inadequate provision of food or deliberate indifference to medical needs or, in the alternative, knowing that his subordinates would act unlawfully and failing to stop them.

Plaintiff summarily alleges Defendant Owens "knew or should have known that [Phillips State Prison] does not require the food service medically required for the Plaintiff" and that Defendant Owens is "guilty of deliberate indifference to Plaintiff's medical condition." Doc. 8 at 1-2. Plaintiff's conclusory allegations do not contain sufficiently specific facts, however, to support a conclusion that Defendant Owens instituted a "policy or custom" about inadequate provision of food or deliberate indifference to medical needs. See Goebert, 510 F.3d at 1332 ("Demonstrating a policy or custom requires show[ing] a persistent and wide-spread practice."). Although Plaintiff vaguely alleges that Defendant Owens knew or should have known that Phillips State Prison could not meet Plaintiff's specific dietary needs, nowhere in Plaintiff's

original or amended complaint does Plaintiff make any specific factual allegations about a history of widespread abuse concerning inadequate provision of food or deliberate indifference to medical needs at Phillips State Prison sufficient to put Defendant Owens on notice about the need to correct alleged constitutional deprivations. See West, 496 F.3d at 1328. "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Hartley, 193 F.3d at 1269. Plaintiff wholly fails make any specific factual allegations about widespread abuse so "obvious, flagrant, rampant and of continued duration" as to put Defendant Owens on notice. Hartley, 193 F.3d at 1269. As such, Plaintiff does not state a plausible claim for relief concerning the either the first or second prerequisite for establishing a causal connection and imposing supervisory liability on Defendant Owens. Therefore, Plaintiff's Eighth Amendment claims against Defendant Owens should be dismissed for failure to state a plausible claim for relief.

    2.    Plaintiff's ADA Claims

Plaintiff's ADA claims against Defendant Owens and Defendant McLaughlin in their official capacities also fail to state a plausible claim for relief. Pursuant to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a cognizable claim under Title II of the ADA, the plaintiff must allege: "(1) that he is a 'qualified individual with a disability;' (2) that he was 'excluded from participation in or ... denied the benefits of the services, programs, or activities of a public entity' or otherwise 'discriminated [against] by such

entity;' (3) 'by reason of such disability.'" Shotz v. Cates, 256 F.3d 1077, 1079 (11th Cir. 2001), quoting 42 U.S.C. § 12132.

Even after liberally construing the allegations set forth in the original complaint and the supplement filed by Plaintiff, Plaintiff fails to allege plausible ADA claims against Defendant Owens and Defendant McLaughlin in their official capacity. In his original complaint, Plaintiff does not mention the ADA. Doc. 1. In the supplement to his original complaint, Plaintiff summarily alleges that both Defendant Owens and Defendant McLaughlin are "guilty" of violating Plaintiff's rights under Title II of the ADA. Doc. 8 at 2. Assuming for the sake of argument that Plaintiff is a "qualified individual with a disability", Plaintiff wholly fails make any specific factual allegations tending to show that he was "excluded from participation in or [...] denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated [against] by such entity[.]"42 U.S.C. § 12132. Plaintiff also fails to make any specific factual allegations tending to show that any exclusion or discrimination allegedly suffered by Plaintiff occurred "by reason of such disability." Id. Moreover, the Court need not accept as true Plaintiff's cursory legal conclusion that Defendant Owens and Defendant McLaughlin are "guilty" of violating Title II of the ADA. See Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555. Consequently, Plaintiff's ADA claims against Defendant Owens and Defendant McLaughlin should be dismissed for failure to state a plausible claim for relief.

## CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies in Phillips State Prison before filing his complaint, and because Plaintiff also failed to state a claim upon which relief may be granted, it is hereby **RECOMMENDED** that both Motions to Dismiss (Docs. 30, 49) be **GRANTED**. Consistent with this recommendation, **IT IS FURTHER RECOMMENDED** that

both Plaintiff's "Motion to Provide a Copy of the Requested Medical Record or a Summary" (Doc. 44) and Plaintiff's "Motion to Amendment" (Doc. 66), be **DENIED** as moot.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 17th day of January, 2013.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge